Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000880
12-SEP-2018
08:04 AM

NO. CAAP-16-0000880

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JP, Plaintiff-Appellee,
v.
YB, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 12-1-0132)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

This appeal arises from divorce proceedings between Defendant-Appellant, YB (Wife), and Plaintiff-Appellee, JP (Husband). Wife appeals from the Decree Granting Absolute Divorce, filed on October 26, 2016, by the Family Court of the Third Circuit (family court),[1] which dissolved the marriage of Husband and Wife, awarded joint legal custody and primary physical custody with respect to their minor child and related child support and child support arrears to Wife, and ordered the division and distribution of the couple's property and debts.

On appeal Wife contends that the family court erred (1) by failing to list, divide, and distribute all known assets in its Findings of Fact and Conclusions of Law, filed on July 26, 2016 (FOFCOL), (2) by relying on Husband's Income and Expense Statements without verification of responsive exhibits, (3) in its determination of child support arrears, and (4) by entering a

---

[1] The Honorable Lloyd Van De Car presided.

Divorce Decree that was inconsistent with its FOFCOL.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Wife's points of error as follows.

(1) Wife contends that the family court erred when it failed to divide all of the parties' marital assets. Wife claims that the family court only listed four retirement and securities accounts as marital assets in its FOFCOL: (1) Fidelity Investments 401K, (2) Operating Engineers Trust Fund Pension, (3) Symetra Retirement Account, and (4) Husband's deceased mother's State of Hawai'i Employees' Retirement System (ERS) Pension Plan in which husband is the named beneficiary (Husband's ERS pension). Additionally, in its FOFCOL, the family court determined that the marital estate contains no marital separate property. Of the above listed assets, the family court incorporated the Fidelity Investments 401K, Operating Engineers Trust Fund Pension, and Symetra Retirement Account in its Divorce Decree for division and distribution. The Divorce Decree also awarded Husband a share of Wife's State of Hawai'i ERS Pension Plan (Wife's ERS pension), an asset that was not included in the FOFCOL.[2]

Wife asserts that the family court failed to identify, divide and distribute Husband's Gasco, Inc. pension plan and Gasco, Inc. grievance pay. Husband agrees that the Gasco, Inc. Pension Plan was excluded from the family court's FOFCOL and Divorce Decree and concedes that this asset should be divided and distributed. Failure to include a specific disposition of Husband's pension plan was in error. As for Husband's Gasco, Inc. grievance pay, Wife asserts that only the net amount of the

---

[2] Wife contends that the family court erroneously divided her State of Hawai'i ERS pension because it was not listed as a marital asset in the family court's FOFCOL and therefore, should not have been subject to division in the Divorce Decree. However, this argument is without merit and we conclude that the family court did not err when it divided Wife's ERS pension. See Stouffer v. Stouffer, 10 Haw. App. 267, 277, 867 P.2d 226, 231 (1994) ("In Hawai'i divorce cases, the family court usually divides the employed party's retirement benefits from the employer by awarding the other party one-half of a percentage of all retirement payments if, as and when made.")

grievance pay was subject to allocation by the family court and that the 401K contribution was not divided. Husband argues that the family court divided the total net amount received as part of the arbitration award without adjustment for the "401K deduction" and that an adjustment by the Court would result in Wife owing $2,702.44. From the record, it is unclear whether or how the family court addressed the 401K contribution, however, the 401K contribution should have been allocated for division and distribution. On remand, the family court is directed to amend the FOFCOL and Divorce Decree to include (1) Husband's Gasco, Inc. pension plan and (2) its determination as to whether the 401K contribution for Husband's Gasco, Inc.'s grievance pay was subjected to allocation and, if not, make adjustments to the division of assets accordingly.

Wife argues that the family court erred by failing to divide Husband's ERS pension. Husband argues that the family court did not err because Husband's ERS pension should be identified as an inheritance rather than a retirement asset and is therefore not subject to division. FOF 14 provides that "[Husband's] mother died during the marriage of the parties. [Husband] was his mother's beneficiary of her [ERS] pension, and since her death has received a monthly check. [Husband] has not made a Category 3 claim with regard to those funds."[3] Further,

---

[3] "Hawai'i law follows a partnership model that governs the division and distribution of marital partnership property." Gordon v. Gordon, 135 Hawai'i 340, 352, 350 P.3d 1008, 1020 (2015) (citing Helbush v. Helbush, 108 Hawai'i 508, 513, 122 P.3d 288, 293, (App.2005)). This court has divided property into five categories:

> Category 1: The net market value (NMV), plus or minus, of all property separately owned by one spouse on the date of marriage (DOM) but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.
>
> Category 2: The increase in the NMV of all property whose NMV on the DOM is included in category 1 and that the owner separately owns continuously from the DOM to the date of the conclusion of the evidentiary part of the trial (DOCOEPOT).
>
> Category 3: The date-of-acquisition NMV, plus or minus, of property separately acquired by gift or inheritance during the marriage but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

the family court listed Husband's ERS pension as a marital asset and concluded that the marital estate contained no separate property. However, Husband's ERS pension is not included in the Divorce Decree and was not allocated for division and distribution. The failure to include specific disposition of Husband's ERS pension was in error. On remand, the family court is directed to amend the Divorce Decree to include its determination on the division of Husband's ERS pension.

(2) Wife challenges the family court's FOFs 15-26 and COLs 8-10, contending that the family court erred in its determination of Husband's income thereby utilizing erroneous income values in its determination of child support arrears. Wife argues that the family court improperly relied solely on Husband's Income and Expense Statements to make its determinations and failed to verify Husband's actual income by considering all of the exhibits entered into evidence, including pay stubs, tax records, awards documentation, and other institutional records.

A family court's findings of fact are reviewed under the "clearly erroneous" standard. In re Doe, 101 Hawaiʻi 220, 227, 65 P.3d 167, 174 (2003); In re Jane Doe, 84 Hawaiʻi 41, 46, 928 P.2d 883, 888 (1996). Under this standard, a finding of fact will not be disturbed unless "(1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." In re Doe, 101 Hawaiʻi at 227, 65 P.3d at 174 (quoting State v. Okumura, 78 Hawaiʻi 383, 392, 894 P.2d 80, 89 (1995)). "Substantial evidence" is defined as "credible evidence which is of sufficient quality and probative value to

---

Category 4: The increase in the NMV of all property whose NMV on the date of acquisition during the marriage is included in category 3 and that the owner separately owns continuously from the date of acquisition to the DOCOEPOT.

Category 5: The difference between the NMVs, plus or minus, of all property owned by one or both of the spouses on the DOCOEPOT minus the NMVs, plus or minus, includable in categories 1, 2, 3 and 4.

Gussin v. Gussin, 73 Haw. 470, 474-475, 836 P.2d 484, 487 (1992) (quoting Malek v. Malek, 7 Haw.App. 377, 380-81 n. 1, 768 P.2d 243, 246 n. 1 (1989)).

enable a person of reasonable caution to support a conclusion." In re Doe, 101 Hawai'i at 227, 65 P.3d at 174 (quoting In re Jane Doe, 84 Hawai'i at 46, 928 P.2d at 888).

A family court's conclusions of law "are reviewed on appeal de novo, under the right/wrong standard . . . [and] consequently, are 'not binding upon an appellate court and are freely reviewable for their correctness.'" Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001)). A conclusion of law "that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case." Chun v. Bd. of Trs. of Employees' Ret. Sys., 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (citation omitted); Schiller v. Schiller, 120 Hawai'i 283, 288, 205 P.3d 548, 553 (2009).

The family court issued the following relevant Findings of Fact (FOF) and Conclusions of Law (COL) on July 26, 2016:

Findings of Fact

15. Child support was first awarded in an order filed on September 20, 2012. [Husband] was ordered to pay $1,052 per month, commencing on June 1, 2012.

16. [Husband] was injured in an industrial accident in October, 2012 resulting in a reduction of his income. Effective October 15, 2012 [Husband's] child support obligation was reduced to $594 per month.

17. A Stipulation Pertaining to Child Custody, Visitation and Child Support; Order Approving Stipulation was filed on April 16, 2013. The stipulated order adopted the earlier $594 per month child support obligation but added a provision that the parties would each be responsible for one half of the minor child's unreimbursed medical expenses and one half of the travel expenses associated with her extracurricular activities.

18. On March 4, 2014 [Husband] filed a motion seeking to further amend his child support obligation. The motion alleged that his income changed because he was suspended without pay from his job at Hawaii Gas.

19. [Husband's] Income and Expense Statement filed on March 3, 2014 stated that his total monthly income was $2,292.

20. On November 24, 2015, the Court entered an order amending [Husband's] child support obligation to $475 per month, effective March 1, 2014. The order provided, however, "Should [Husband's] income change, the parties agree that [Husband] would not need to file a motion and [Husband's] child support shall be adjusted retroactive to the date of the change of [Husband's] pay."

21. No subsequent child support motion or order has been filed.

22. [Husband's] next Income and Expense Statement was filed on April 7, 2014. Exhibit 28. His monthly gross Income then was $3,689.

23. [Husband] filed another Income and Expense Statement on

5

July 2, 2014. Exhibit 31. His monthly gross income then was $3,447.

24. [Husband's] last Income and Expense Statement prior to trial was filed on January 8, 2016. His monthly gross income at that time was $5,750.

25. Exhibit 40 is a copy of [Husband's] pay stub for the period ending August 30, 2015. It reflects a pay increase of $2 for each pay period over the pay he was receiving at the time he filed the July 2, 2014 Income and Expense Statement.

26. Aside from [Husband's] Income and Expense Statements and [Husband's] Exhibit 40 there is nothing in the exhibits admitted at trial or the testimony of the parties that reflects any date of change of [Husband's] pay.

Conclusions of Law

8. The parties stipulated to and the Court adopted a procedure for amending [Husband's] child support obligation as his income changed during the course of this litigation. That stipulation was effective March 1, 2014 and that child support amount was based on [Husband's] monthly income of $2,292 set forth in {Husband's] Income and Expense Statement filed on March 3, 2014. Since that date the evidence establishes that [Husband] income increased to $3,689 by April 7, 2014 (Exhibit 28), decreased to $3,447 on July 2, 2014 (Exhibit 31), and increased again to $5,750 by January 8, 2016 (Exhibit 34).

9. Based on the exhibits admitted at trial and the testimony of the parties, [Wife's] income was $5,558 on both April 7, and July 2, 2014 (Exhibit I and N), and had increased to about $6,000 per month by the date of trial. [Wife] is entitled to a credit of $285 on the Child Support Guidelines Worksheets for the cost of providing medical insurance for the child.

10. [Husband's] resulting child support obligations, effective April 7, 2014, July 2, 2014, and January 8, 2016 are set forth in Exhibits A, B, and C, respectively, attached hereto, and by this reference incorporated in the findings and conclusions.

Wife specifically argues that Husband's Income and Expense Statements did not consistently include, as income, Husband's ERS pension payments, nor did the statements include withdrawals from his retirement and/or securities accounts, income from unemployment benefits, worker's compensation benefits and monetary awards. However, the record does not support Wife's argument.

On November 30, 2012, the family court entered an Order Reducing Child Support and Concerning Other Matters, where the parties stipulated to reduce Husband's child support payments to $594.00 effective as of October 15, 2012, due to his work related accident and as a result being placed on worker's compensation. The reduced child support was subject to verification by Husband supplying documentation to Wife as to the amount of worker's compensation payments being received. On April 16, 2013, the

parties submitted a Stipulation Pertaining to Child Custody, Visitation and Child Support stating that the existing child support order would remain in place, indicating that Husband had verified the amount of his worker's compensation to the satisfaction of Wife.

Additionally, according to COL 10, it appears that the family court, in its calculation of Husband's child support obligations, considered Husband's Income and Expense Statements filed on April 7, 2014, July 2, 2014, and January 8, 2016. The foregoing Income and Expense Statements included Husband's ERS Pension payments as other regular monthly income and were therefore, included in the calculation of Husband's total monthly income for purposes of child support calculations.

In regards to the inclusion of Husband's monetary awards, the Divorce Decree awards Wife half of Husband's grievance pay award. Further, pursuant to the July 26, 2016 Order Regarding Arbitration Award, Husband is to place all funds received by him from his arbitration award into an escrow account until further order of the family court, thereby making the inclusion of these awards as Husband's income unnecessary. See Collins v. Wassell, 133 Hawaiʻ 34, 42 323 P.3d 1216, 1224 (2014) ("Consistent with the wide discretion bestowed on the family court, [Hawaii Revised Statutes (HRS) § 580-47] provides that upon granting a divorce, the family court may 'make any further orders as shall appear just and equitable . . . finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate.'").

Finally, Wife points to nothing in the record to support her argument that Husband did not include his unemployment benefits or his worker's compensation benefits in his Income and Expense Statements.

Given the family court's "wide discretion in making its decision," Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360, we conclude that there is sufficient evidence in the record to support the family court's FOFs 15-26 and COLs 8-10. Further, there is no indication that the family court did not consider all the exhibits entered into evidence, the testimony of both Husband

and Wife, and the arguments advanced by both parties in its determination of Husband's income for purposes of child support calculations. Id. ("It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact.") (citation and internal quotation marks omitted).

(3) Wife contends that the family court erred by relying on Exhibit "KKK" to determine the amount of Husband's child support arrears, instead of calculating the child support arrears based on its FOFCOL.

Exhibit "KKK", which was stipulated into evidence by the parties, consisted of a print out from the State of Hawaiʻi Department of the Attorney General of the child support arrears obligation owed by Husband, as of February 2, 2016, in the amount of $14,589.34. Although the parties had agreed to this exhibit being entered into evidence, neither party provided documentation as to the calculation of this amount and it is unclear what values were relied upon in determining this obligation amount.

The family court issued the following FOFCOLs regarding Exhibit "KKK" and the calculation of amended child support arrears:

> Findings of Fact
> 27. As of February 2, 2016 [Husband] owed [Wife] child support arrears in the amount of $14,589.34. (Exhibit KKK). However, [Husband] made direct payments of child support to [Wife] totaling $5,161, reducing his arrears to $9,428.34.
> 28. Exhibit KKK does not, however, provide a monthly accounting of [Husband's] payments so it is impossible for the Court to adjust the arrears to conform to child support amendments made here.
>
> Conclusions of Law
> 10. [Husband's] resulting child support obligations, effective April 7, 2014, July 2, 2014, and January 8, 2016 are set forth in Exhibit A, B, and C, respectively, attached hereto, and by this reference incorporated in the findings and conclusions.
> 11. [Wife] is entitled to recalculate the back child support owing to her based upon the amended child support calculations set forth herein.

Exhibits A, B, and C, that were attached to the FOFCOL are Child Support Guideline Worksheets used by the family court to calculate Husband and Wife's child support obligations based on its findings as to the determination of the parties' monthly income.

8

The Decree Granting Absolute Divorce is consistent with the family court's FOFCOL and does not appear to rely on Husband's obligation as set forth in Exhibit "KKK":

> 4. Child Support:
>     a. Commencing April 7, 2014, [Husband's] child support obligation shall be $491, per month.
>     b. Commencing July 2, 2014, [Husband's] child support obligation shall be $456, per month.
>     c. Commencing January 8, 2016, [Husband's] child support obligation shall be $758, per month.
>     d. [Husband] shall be provided credit of $5,161, for direct child support payments made directly to [Wife].
>     e. Child Support Enforcement Agency shall adjust their records accordingly pursuant to this instant Divorce Decree.

Furthermore, the family court ordered the Child Support Enforcement Agency to recalculate and adjust their records based on the family court's determination as to Husband's amended child support obligation. Accordingly, we hold that the family court did not err in its determination of child support arrears.

Therefore, IT IS HEREBY ORDERED that, to the extent that the family court failed to identify, divide and distribute all known marital assets, the Decree Granting Absolute Divorce entered by the Family Court of the Third Circuit, is vacated. The case is remanded to the family court for further proceedings consistent with this order.

DATED: Honolulu, Hawaiʻi, September 12, 2018.

On the briefs:

Brian J. De Lima,
for Plaintiff-Appellee.

Mirtha Oliveros,
and A. Jaqueline N. Mena,
(Oliveros Law, LLLC),
for Defendant-Appellant.

Chief Judge

Associate Judge

Associate Judge

9